**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **DAVID E. MACK,** § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 4:11-cv-814 |
| v. § | |
| § | |
| **FIRST SOURCE ADVANTAGE, LLC** § | |
| § | |
| Defendant. § | |

**DEFENDANT FIRST SOURCE ADVANTAGE, LLC'S
ORIGINAL ANSWER**

TO THE HONORABLE JUDGE:

FIRST SOURCE ADVANTAGE, LLC ("Defendant") hereby files this Original Answer ("Answer") to Plaintiff, DAVID E. MACK, and would show this Honorable Court as follows:

1. Defendant admits the allegations contained in ¶ 1 of Plaintiff's Original Complaint.

2. Defendant is unable to admit or deny the allegations contained in ¶ 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations contained in ¶ 3 of Plaintiff's Original Complaint.

4. Defendant admits the allegations contained in ¶ 4 of Plaintiff's Original Complaint.

5. Defendant admits venue is proper in Collin County, Texas

6. Defendant admits venue is proper in the Eastern District of Texas, Sherman Division.

7. Defendant is unable to either admit or deny the allegations contained in ¶ 7 of Plaintiff's Original Complaint.

8. Defendant is unable to either admit or deny the allegations contained in ¶ 8 of Plaintiff's Original Complaint.

9. Defendant denies the allegations contained in ¶ 9 of Plaintiff's Original Complaint.

10. Defendant denies the allegations contained in ¶ 10 of Plaintiff's Original Complaint.

11. No response is required to ¶ 11 of Plaintiff's Original Complaint.

12. Defendant is unable to either admit or deny the allegations contained in ¶ 12 of Plaintiff's Original Complaint.

13. Defendant admits allegations contained in ¶ 13 of Plaintiff's Original Complaint.

14. Defendant is unable to either admit or deny the allegations contained in ¶ 14 of Plaintiff's Original Complaint.

15. No response is required to ¶ 15 of Plaintiff's Original Complaint as it is a statement of law.

16. No response is required to ¶ 16 of Plaintiff's Original Complaint as it is a statement of law.

17. Defendant denies the allegations contained in ¶ 17 of Plaintiff's Original Complaint.

18. Defendant denies the allegations contained in ¶ 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations contained in ¶ 19 of Plaintiff's Original Complaint.

20. Defendant denies the allegations contained in ¶ 20 of Plaintiff's Original Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

21. Each and every claim set forth in the Original Complaint fails to state a claim upon which relief may be granted and Defendant reserves as the right to file a Motion to Dismiss or a Motion for Summary Judgment in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

22. Defendant generally denies any and all claims and allegations set forth within the Original Complaint and particularly deny any and all averments made by Plaintiff except those specifically admitted herein.

23. At all pertinent times, Defendant complied with the FDCPA or the Texas Finance Code § 392.001 *et. seq.* and expressly denies any violation of the same. To the extent that any violation occurred (statutory or otherwise), any such violation was unintentional and arose from a bona fide error, notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors. Defendant expressly denies the existence of such errors.

24. At all pertinent times, Defendant acted in good faith and in compliance with any and all relevant federal and state laws including, without limitation, the FDCPA and the Texas Finance Code § 392.001 *et. seq.*

25. Plaintiff could have, by reasonable effort, mitigated damages alleged, but Plaintiff failed to do so. Accordingly, the extent of the Plaintiff's damages (if any) should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount (if any) that Plaintiff actually has mitigated.

26. Defendant alleges that the Complaint was filed in bad faith and thus, Defendant seeks reimbursement of its attorney's fees and costs in defending this matter.

WHEREFORE, having fully answered Plaintiff's Original Complaint, Defendant asks that Plaintiff's Original Complaint be dismissed, with prejudice, that Plaintiff take nothing, and that Plaintiff be responsible for payment of all fees and costs.

Respectfully submitted,

**BUSH AND RAMIREZ, LLC**

//s// Keith Wier
Keith Wier; SBN: 21436100
Fed. ID No.: 7930
5615 Kirby Dr., Suite 900
Houston, TX 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077

**ATTORNEY FOR DEFENDANT
FIRST SOURCE ADVANTAGE, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

David E. Mack
7720 McCallum Blvd., #2099
Dallas, TX 75252

//s// Keith Wier
Keith Wier