**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID E. MACK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:11-cv-814 |
| v. | § | |
| | § | |
| **FIRST SOURCE ADVANTAGE, LLC** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT FIRST SOURCE ADVANTAGE, LLC'S**
**AMENDED ORIGINAL ANSWER**

TO THE HONORABLE JUDGE:

FIRST SOURCE ADVANTAGE, LLC ("Defendant") hereby files this Original Answer ("Answer") to Plaintiff, DAVID E. MACK, and would show this Honorable Court as follows:

1. Defendant admits the allegations contained in ¶ 1 of Plaintiff's Original Complaint.

2. Defendant is unable to admit or deny the allegations contained in ¶ 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations contained in ¶ 3 of Plaintiff's Original Complaint.

4. Defendant admits the allegations contained in ¶ 4 of Plaintiff's Original Complaint.

5. Defendant admits venue is proper in Collin County, Texas

6. Defendant admits venue is proper in the Eastern District of Texas, Sherman Division.

7. Defendant is unable to either admit or deny the allegations contained in ¶ 7 of Plaintiff's Original Complaint.

8. Defendant is unable to either admit or deny the allegations contained in ¶ 8 of Plaintiff's Original Complaint.

9. Defendant denies the allegations contained in ¶ 9 of Plaintiff's Original Complaint.

10. Defendant denies the allegations contained in ¶ 10 of Plaintiff's Original Complaint.

11. No response is required to ¶ 11 of Plaintiff's Original Complaint.

12. Defendant is unable to either admit or deny the allegations contained in ¶ 12 of Plaintiff's Original Complaint.

13. Defendant admits allegations contained in ¶ 13 of Plaintiff's Original Complaint.

14. Defendant is unable to either admit or deny the allegations contained in ¶ 14 of Plaintiff's Original Complaint.

15. No response is required to ¶ 15 of Plaintiff's Original Complaint as it is a statement of law.

16. No response is required to ¶ 16 of Plaintiff's Original Complaint as it is a statement of law.

17. Defendant denies the allegations contained in ¶ 17 of Plaintiff's Original Complaint.

18. Defendant denies the allegations contained in ¶ 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations contained in ¶ 19 of Plaintiff's Original Complaint.

20. Defendant denies the allegations contained in ¶ 20 of Plaintiff's Original Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

21. Each and every claim set forth in the Original Complaint fails to state a claim upon which relief may be granted and Defendant reserves as the right to file a Motion to Dismiss or a Motion for Summary Judgment in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

22. Defendant generally denies any and all claims and allegations set forth within the Original Complaint and particularly deny any and all averments made by Plaintiff except those specifically admitted herein.

23. At all pertinent times, Defendant complied with the Fair Credit Reporting Act ("FCRA") 15 U.S.C § 1681 *et. seq.* and expressly denies any violation of the same.

24. At all pertinent times, Defendant acted in good faith and in compliance with any and all relevant federal and state laws including, without limitation, the FCRA 15 U.S.C § 1681*et. seq.*, and all Defendant's procedures were "reasonable" as defined by FCRA 15 U.S.C § 1681*et. seq.*

25. Plaintiff could have, by reasonable effort, mitigated damages alleged, but Plaintiff failed to do so. Accordingly, the extent of the Plaintiff's damages (if any) should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount (if any) that Plaintiff actually has mitigated.

26. Any use by Defendant of Plaintiff's consumer report was for the collection of an account of a consumer which is a permissible purpose as defined by the FCRA 15 U.S.C § 1681*et. seq.*

27. Defendant alleges that the Complaint was filed in bad faith and thus, Defendant seeks reimbursement of its attorney's fees and costs in defending this matter.

WHEREFORE, having fully answered Plaintiff's Original Complaint, Defendant asks that Plaintiff's Original Complaint be dismissed, with prejudice, that Plaintiff take nothing, and that Plaintiff be responsible for payment of all fees and costs.

        Respectfully submitted,

        **BUSH AND RAMIREZ, LLC**

        //s// Keith Wier
        Keith Wier; SBN: 21436100
        Fed. ID No.: 7930
        5615 Kirby Dr., Suite 900
        Houston, Texas 77005
        (713) 626-1555 Telephone
        (713) 622-8077 Telecopier

## CERTIFICATE OF SERVICE

      I hereby certify that on the 7th day of May, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and provided a copy to Plaintiff by certified mail, return receipt requested as follows:

David E. Mack                                                                        *via cmrrr # 7010 1060 0002 1614 0090*
7720 McCallum Blvd., #2099
Dallas, TX 75252

        //s// Keith Wier
        Keith Wier